UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| VHONDALISA TYSON,<br>*A resident of Baltimore County*<br><br>Plaintiff,<br><br>v.<br><br>MARLETTE FUNDING, LLC,<br>1523 Concord Pike, Ste. 201<br>Wilmington, DE 19803-3656<br><br>Serve On:<br>The Corporation Trust Company,<br>*Registered Agent*<br>Corporation Trust Center<br>1209 Orange St<br>Wilmington, DE 19801<br><br>Defendant. | Case No.: **1:20-cv-02572**<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF:**<br><br>1. Telephone Consumer Protection Act, 47 U.S.C. §227<br>2. Md. Code, Com. Law §14-3201 *et seq.*<br>3. Md. Code, Com. Law §13-301 *et seq.*<br>4. Md. Code, Com. Law §14-202 *et seq.*<br>5. Invasion of Privacy- Intrusion Upon Seclusion |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Vhondalisa Tyson ("Vhondalisa"), by and through her attorneys, alleges the following against Defendant Marlette Funding, LLC d/b/a/ Best Egg ("Best Egg"):

## INTRODUCTION

1. Count I of Vhondalisa's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers and prerecorded messages, and delegates rulemaking authority to the Federal Communications

Commission ("FCC").

2. Count II of Vhondalisa's Complaint is based upon Maryland's Telephone Consumer Protection Act ("MTCPA"), which provides that a violation of the TCPA is an independent violation of the MTCPA. Md. Code, Com. Law §14-3201(2).

3. Count III of Vhondalisa's Complaint is based upon Maryland's Unfair and Deceptive Trade Practices Act ("MUDTPA"), which makes a violation of the MTCPA an independent violation of the MUDTPA. Md. Code, Com. Law §13-301(14)(xx).

4. Count IV of Vhondalisa's Complaint is based upon Maryland's Consumer Debt Collection Act ("MCDCA"), which *inter alia*, prohibits a collector from placing abusive or harassing calls to the debtor. Md. Code, Com. Law §14-202(6).

5. Count V of Vhondalisa's Complaint is based upon the Invasion of Privacy - Intrusion upon Seclusion, as derived from §652B of the Restatement (Second) of Torts. §652B prohibits an intentional intrusion, "physically or otherwise, upon the solitude or seclusion of another or her private affairs or concerns . . . that would be highly offensive to a reasonable person."

## PARTIES

6. Vhondalisa is a natural person residing in Middle River, Baltimore County, Maryland.

7. Vhondalisa is a "consumer" as defined by Md. Code, Com. Law §13-101(c)(1).

8. Best Egg is incorporated and has its principal place of business in Wilmington, DE.

9. Best Egg is a "merchant" as defined by Md. Code, Com. Law §13-101(g)(1) and a "collector" as defined by Md. Code, Com. Law §14-201(b). Best Egg is licensed in Maryland by the Commissioner of Financial Regulation as an authorized "02-Consumer Loan".

10. Best Egg can be served upon its registered agent The Corporation Trust Company, located at Corporation Trust Center 1209 Orange Street, Wilmington, DE 19801.

11. Best Egg acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION

12. Jurisdiction of this court arises under 47 U.S.C. §227 and 28 U.S.C. §§1331, 1332, 1367.

13. Diversity jurisdiction is established under 28 U.S.C. §1332 as the matter in controversy exceeds $75,000.00, Vhondalisa is a citizen of Maryland, and Best Egg is a citizen of Delaware.

14. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) in that a substantial part of the events giving rise to the claim occurred in this District.

15. Best Egg transacts business in, its conduct was aimed at, and its conduct's effects were suffered in Maryland. Therefore, personal jurisdiction is established.

## FACTUAL ALLEGATIONS

16. The debt(s) underlying this action were obligation(s) or alleged obligation(s)

of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction were primarily for personal, family, or household purposes.

17. On or about October 14, 2019, Best Egg began calling Vhondalisa at her cellular phone in an attempt to collect on one or more debts. The calls originated from the numbers (844) 357-4073 and (844) 825-2609.

18. On or about October 14, 2019, at approximately 8:42 a.m., Vhondalisa answered a call from Best Egg and spoke with a representative. After picking up the call, Vhondalisa heard a series of clicks, beeps or tones, and an unusually long delay before Best Egg's representative began speaking, consistent with the use of an automatic dialing system.

19. Best Egg informed Vhondalisa that it was attempting to collect a debt. During that call, Vhondalisa unequivocally revoked consent to be called by asking to be contacted by mail only. Vhondalisa also explained that she did not have the money to pay and that she would contact Best Egg once she was able to pay.

20. Ignoring Vhondalisa's instruction to stop calling her, Best Egg began calling and leaving her voice mails indiscriminately in an evident attempt at harassing her and forcing her to pay or continue enduring the constant calling.

21. Between Vhondalisa's instruction that Best Egg stop calling her on October 14 and November 11, 2019 —i.e. 29 days—, Best Egg called Vhondalisa no less than sixty-five (65) times.

22. In or around November 2019, Vhondalisa retained counsel regarding Best

Egg's campaign of harassing phone calls. On or about November 18, 2019, Best Egg received a demand letter via certified mail from Vhondalisa's Counsel notifying Best Egg of Vhondalisa's intent to file a lawsuit unless a settlement was agreed.

23. Despite the letter alerting Best Egg that Vhondalisa was represented and despite the affirmation of Vhondalisa's revocation of consent to be contacted by any means other than by mail, Best Egg refused to cease contacting Vhondalisa.

24. Between October 17, 2019 and February 28, 2020, Best Egg called Vhondalisa on her cellular telephone no less than **THREE HUNDRED AND FIFTY TWO (352)** times, of which two hundred and seventy-eight (278) times after receiving a demand letter from Vhondalisa's counsel.

25. Best Egg called Vhondalisa almost every day for almost five months.

26. Best Egg called Vhondalisa multiple times a day, up to five times a day.

27. Best Egg even called Vhondalisa nearly every weekend from October 2019 to February 2020, including on Sundays.

28. Best Egg called Vhondalisa nearly every weekend from October 2019 to February 2020.

29. Best Egg called Vhondalisa on holidays.

30. In November of 2019 alone, Best Egg called and texted Vhondalisa no less than one hundred (100) times.

31. Best Egg called Vhondalisa at all times during the day, as early as 8 a.m. to as late as 8 p.m.

32. Best Egg left Vhondalisa more than twenty (20) voicemails.

33. Upon information and belief, Best Egg called and texted, or attempted to call and text friends and family of Vhondalisa with the intention that they would communicate to Vhondalisa that Best Egg was attempting to collect a debt from her, causing Vhondalisa additional embarrassment and distress.

34. Upon information and belief, Best Egg called Vhondalisa and delivered prerecorded or artificial voice messages.

35. Upon information and belief, Best Egg's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

36. Best Egg's conduct was not only knowing and willful but was done with the intention of causing Vhondalisa such distress, so as to induce her to pay the debts or somehow pay more than she was able to.

37. Best Egg's intrusion upon Vhondalisa's seclusion was highly offensive to the reasonable person, and exceeded reasonable collection efforts. Best Egg's intrusion was particularly offensive because Best Egg continued to make harassing phone calls to Vhondalisa even after her attorneys communicated with Best Egg.

38. Best Egg's conduct was especially unreasonable because it called relentlessly shortly after Vhondalisa had explained the reason why she did not have money to repay Best Egg and expressly revoked consent to be called due to her financial hardship.

39. Additionally, Best Egg knowingly and willfully continued to call Vhondalisa not only after she revoked consent to be called, but even after receiving a demand letter from Vhondalisa's attorneys, which contained the attorney's contact information.

40. On July 24, 2019, in response to varying district court opinions the U.S.

House of Representatives passed H.R. 3375 by a vote of 429-3. The House intended to clear up any ambiguity with the TCPA and made it clear that the TCPA covers systems that call consumers from a stored list. H.R. 3375 further clarified that a consumer may revoke consent, even consent given in a contract.

41. Best Egg is familiar with the TCPA, the MTCPA, the MUDTPA and the MCDCA.

42. Each and every one of Best Egg's telephone calls caused Vhondalisa distraction and temporary loss of use of her telephone line.

43. Best Egg's intrusion upon Vhondalisa's seclusion was highly offensive to the reasonable person, oppressive, outrageous, and exceeded reasonable collection efforts.

44. Best Egg's invasive harassment has caused tension and problems in Vhondalisa's relationship with her significant other.

45. The couple's plan was to purchase a home together, but when Vhondalisa's significant other became aware of the incessant calling, he became concerned and confronted Vhondalisa about it.

46. Vhondalisa was so distraught by the whole situation that she made the decision to forgo purchasing the home altogether to avoid added stress, anxiety, and embarrassment.

47. Best Egg's harassment extended to Vhondalisa's professional life as well.

48. Vhondalisa is employed by the Social Security Administration as a manager. Most of Best Egg's calls were received by Vhondalisa while she was working.

49. As a manager, Vhondalisa often conducts group and one-on-one meetings

with other employees.

50. The calls were a regular occurrence during Vhondalisa's meetings, causing disruption, embarrassment, anxiety, and loss of focus.

51. Best Egg's calls inappropriately entrenched themselves as a permanent fixture of Vhondalisa's life for an extended period of time. The harassment has caused irreparable harm to Vhondalisa, her relationships, and her career.

52. As a result of Defendant's conduct, Vhondalisa has sustained actual damages, including but not limited to, stress, anxiety, embarrassment, and emotional and mental pain and anguish.

## COUNT I

### Violations of the TCPA, 47 U.S.C. §227

53. Vhondalisa incorporates by reference the foregoing paragraphs as fully stated herein.

54. Best Egg violated the TCPA. Best Egg's violations include, but are not limited to the following:

   a. Within four years prior to the filing of this action, on multiple occasions, Best Egg violated TCPA 47 U.S.C. §227(b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for

    which the called party is charged for the call."

  b. Within four years prior to the filing of this action, on multiple occasions, Best Egg violated TCPA 47 U.S.C. §227(b)(1)(B) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party . . ."

  c. Within four years prior to the filing of this action, on multiple occasions, Best Egg willfully and/or knowingly contacted Vhondalisa at Vhondalisa's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Best Egg knowing and/or willfully violated the TCPA.

55. As a result of Best Egg's violations of §227, Vhondalisa is entitled to declaratory judgment that Best Egg's conduct violated the TCPA, and an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to §227(b)(3)(B). If the Court finds that Best Egg knowingly and/or willfully violated the TCPA, Vhondalisa is entitled to an award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to §227(b)(3)(B), (C).

## COUNT II

### Violations of the MTCPA

### Md. Code, Com. Law §14-3201 *et seq.*

56. Vhondalisa incorporates by reference the foregoing paragraphs as fully stated

herein.

57. Best Egg violated the MTCPA. Best Egg violated the MTCPA by violating the TCPA. Md. Code, Com. Law §14-3201(2).

58. As a result of the foregoing violation of the MTCPA, Vhondalisa is entitled to declaratory judgment that Best Egg's conduct violated the MTCPA, the greater of her actual damages and statutory damages of five hundred dollars ($500.00) for each and every violation, and attorneys' fees and costs. Md. Code, Com. Law §14-3202(b).

## COUNT III

### Violation of the MUDTPA

### Md. Code, Com. Law §13-301 *et seq.*

59. Vhondalisa incorporates by reference the foregoing paragraphs as fully stated herein.

60. Best Egg violated the MUDTPA. Best Egg violated the MUDTPA by violating the MTCPA. Md. Code, Com. Law §13-301(14)(xx).

61. As a result of the foregoing violations of the MUDTPA, Vhondalisa is entitled to declaratory judgment that Best Egg's conduct violated the MUDTPA, recovery for her injuries or losses, and attorneys' fees and costs. Md. Code, Com. Law §13-408(a), (b).

## COUNT IV

### Violation of the MCDCA

### Md. Code, Com. Law §14-202 *et seq.*

62. Vhondalisa incorporates by reference the foregoing paragraphs as fully stated

herein.

63. Best Egg violated the MCDCA. Best Egg's violations include, but are not limited to, the following:

    a. Best Egg "communicat[ed] with a debtor or a person related to him with the frequency, at the unusual hours, or in any other manner as reasonably can be expected to abuse or harass the debtor." Md. Code, Com. Law §14-202(6).

64. Best Egg engaged in conduct that violates the MCDCA by way of violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§1692c-1692k. Md. Code, Com. Law §14-202(11). Specifically:

    a. Communicating with Vhondalisa at an unusual time, place, or manner known to be inconvenient to the consumer. §1692c(a)(1).

    b. Communicating with Vhondalisa knowing that she was represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. §1692c(a)(2).

    c. Communicating, in connection with the collection of Vhondalisa's debt, with any person other than the consumer. §1692c(b).

    d. Engaging in any conduct the natural consequence of is to harass, oppress, or abuse any person in connection with the collection of a debt. §1692d.

    e. Causing a phone to ring or engaging a person in telephone conversation repeatedly or continuously with the intent to annoy, abuse, or harass. §1692d(5).

    f. Using false, deceptive, or misleading means in connection with the collection

of any debt. §1692e.

g. Using unfair or unconscionable means to collect or attempt to collect any debt. §1692f.

65. As a result of the foregoing violations of the MCDCA, Vhondalisa is entitled to declaratory judgment that Best Egg's conduct violated the MCDCA, and damages proximately caused by the violations, including damages for emotional distress or mental anguish suffered. Md. Code, Com. Law §14-203.

## COUNT V

### Violation of Invasion of Privacy- Intrusion Upon Seclusion

66. Vhondalisa incorporates by reference the foregoing paragraphs as fully stated herein.

67. Restatement of the Law, Second, Torts, §652B defines intrusion upon seclusion as, "[o]ne who intentionally intrudes . . . upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

68. Best Egg violated Vhondalisa's privacy. Best Egg's violations include, but are not limited to, the following:

a. Best Egg intentionally intruded, physically or otherwise, upon Vhondalisa's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite requests for the calls to cease.

b. The number and frequency of the telephone calls to Vhondalisa by Best Egg after a request for the calls to cease constitute an intrusion on Vhondalisa's

privacy and solitude.

c. Best Egg's conduct would be highly offensive to a reasonable person as Vhondalisa received calls that often interrupted Vhondalisa's work and personal time.

d. The frequency and volume of Best Egg's calls were harassing to Vhondalisa.

e. Best Egg's acts, as described above, were done intentionally with the purpose of coercing Vhondalisa to pay the alleged debt.

69. As a result of Best Egg's violations of Vhondalisa's privacy, Best Egg is liable to Vhondalisa for actual damages. If the Court finds that the conduct is found to be egregious, Vhondalisa may recover punitive damages.

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff Vhondalisa Tyson respectfully requests judgment be entered against Defendant Marlette Funding, LLC for the following:

A. Declaratory judgment that Best Egg violated the TCPA, the MTCPA, the MUDTPA, and the MCDCA;

B. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §(b)(3)(B);

C. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B), (C);

D. Statutory damages of $500.00 for each and every violation of the MTCPA pursuant to the Md. Code, Com. Law §14-3202(b)(2);

E. Costs and reasonable attorneys' fees pursuant to Md. Code, Com. Law §14-

    3202(b)(1);

F.    Actual damages for Best Egg's violations of the MUDTPA pursuant to Md. Code, Com. Law §13-408(a);

G.    Reasonable attorneys' fees for Best Egg's violations of the MUDTPA pursuant to Md. Code, Com. Law §13-408(b);

H.    Actual damages pursuant to Md. Code, Com. Law §14-203;

I.    Actual damages for Best Egg's intrusion upon Vhondalisa's seclusion;

J.    Punitive damages for Best Egg's intrusion upon Vhondalisa's seclusion;

K.    Awarding Vhondalisa any pre-judgment and post-judgment interest as may be allowed under the law; and

L.    Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Vhondalisa hereby demands a trial by jury of all issues triable by jury.

RESPECTUFLLY SUBMITTED this 4th day of September 2020.

                                            /s/
                                Kent L. Greenberg, P.A.
                                **Law Offices of Kent L. Greenberg, P.A.**
                                10995 Owings Mills Blvd., Suite 208
                                Owing Mills, MD 21117
                                T: (410) 363-1020
                                F: (410) 363-1022
                                E: kent@klgreenberg.com
                                *Attorney for Plaintiff*
                                *Vhondalisa Tyson*